979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald S. KENDIG, Petitioner-Appellant,
v.
Robert D. HANNIGAN; Attorney General of Kansas,
Respondents-Appellees.
 No. 92-3168.
 United States Court of Appeals, Tenth Circuit.
 Nov. 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Ronald S. Kendig appeals an order of the United States District Court for the District of Kansas denying his petition for writ of habeas corpus under 28 U.S.C. § 2254 for alleged violations of his constitutional rights under the Sixth and Fourteenth Amendments.
 
 
 3
 Mr. Kendig first argues that the district court erred in failing to hold an evidentiary hearing. We find that, because Kendig received a full and fair hearing of the evidence in his state proceedings, the district court was not required to hold an evidentiary hearing in this action. See Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 4
 As to the merits of his petition, we exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM for substantially the reasons givens by the district court in its Memorandum and Order entered April 24, 1992. Mr. Kendig's motion to proceed in forma pauperis is GRANTED. Certificate of Probable Cause is ISSUED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3